IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT ABINGDON, VA
FILED

MAY 1 0 2007

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:07CR29 |
| | ) |
| THE PURDUE FREDERICK COMPANY, INC. | ) |

## PLEA AGREEMENT

THE PURDUE FREDERICK COMPANY, INC. ("PURDUE") has entered into a Plea Agreement with the United States of America, by counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). The terms and conditions of this agreement are as follows:

1. **CHARGE TO WHICH PURDUE IS PLEADING GUILTY AND WAIVER OF RIGHTS**

PURDUE will enter a plea of guilty to Count One of an Information, charging it with the felony of misbranding a drug, with the intent to defraud or mislead, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2). The maximum statutory penalty is a fine of $500,000.00 or twice the gross gain or loss, pursuant to Title 18, United States Code, Sections 3571(c)(3) and 3571(d), plus a period of probation of up to five years, pursuant to Title 18, United States Code, Section 3561(c)(1). In addition, PURDUE's assets may be subject to forfeiture. PURDUE understands that fees may be imposed to pay for probation and that there will be a $400 special assessment, pursuant to Title 18, United States Code, Section 3013(a)(2)(B). PURDUE's attorney has informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before PURDUE could be found guilty as charged.

PURDUE hereby waives its right to be proceeded against by indictment and consents to the filing of an Information charging it with a violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

PURDUE acknowledges that PURDUE has had all of its rights explained to it. PURDUE expressly recognizes that, as a corporation, PURDUE may have the following constitutional rights and, that by voluntarily pleading guilty, PURDUE knowingly waives and gives up these valuable constitutional rights:

    The right to plead not guilty and persist in that plea.
    The right to a speedy and public jury trial.
    The right to assistance of counsel at that trial and in any subsequent appeal.
    The right to remain silent at trial.
    The right to testify at trial.

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.*    Page 1 of 12    *Authorized Corporate Officer's Initials:* RCA

Case 1:07-cr-00029-JPJ   Document 6   Filed 05/10/07   Page 1 of 14   Pageid#: 196

The right to confront and cross-examine witnesses.
The right to present evidence and witnesses.
The right to compulsory process of the court.
The right to compel the attendance of witnesses at trial.
The right to be presumed innocent.
The right to a unanimous guilty verdict.
The right to appeal a guilty verdict.

PURDUE is pleading guilty as described above because PURDUE is in fact guilty and because PURDUE believes it is in its best interest to do so and not because of any threats or promises, other than the terms of the Plea Agreement, described herein, in exchange for its plea of guilty. PURDUE agrees that all of the matters set forth in the Information are true and correct.

PURDUE understands that the plea is being entered in accordance with Fed. R. Crim. P. 11(c)(1)(C).

## 2. SENTENCING PROVISIONS

The parties agree and stipulate that the 2006 United States Sentencing Guidelines ("U.S.S.G.") Manual should be used and the following sentencing guidelines sections apply, exclusively.

The Offense Level is computed as follows:

| | | |
|---|---|---|
| 6 | § 2B1.1(a)(2) | Base offense level (cross reference from §2N2.1(b)(1)). |
| +2 | § 2B1.1(b)(2)(A)(ii) | The offense was committed through mass-marketing. |
| +2 | § 2B1.1(b)(9)(C) | The offense involved sophisticated means. |
| 10 | Total | |
| 12 | § 2B1.1(b)(9) | If the resulting offense level is less than level 12, increase to level 12. |

Total Offense Level is 12

The Culpability Score is computed as follows:

| | | |
|---|---|---|
| 5 | § 8C2.5(a) | Start with 5 points. |
| +4 | § 8C2.5(b)(2)(A)(ii) | The organization had 1,000 or more employees. |
| -1 | § 8C2.5(g)(3) | The organization accepted responsibility for its criminal conduct. |

Total Culpability Score is 8.

The Base Fine for an Offense Level of 12 is $40,000.00 (§ 8C2.4(d)).

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.*  Page 2 of 12  *Authorized Corporate Officer's Initials:*

Case 1:07-cr-00029-JPJ   Document 6   Filed 05/10/07   Page 2 of 14   Pageid#: 197

The Minimum Multiplier for a Culpability Score of 8 is 1.60 (§ 8C2.6).
The Maximum Multiplier for a Culpability Score of 8 is 3.20 (§ 8C2.6).

The Guideline Fine Range is $64,000.00 to $128,000.00 ((1.60 x $40,000.00) to (3.20 x $40,000.00)) (§ 8C2.7).

The United States asserts that an upward departure to a statutory maximum fine of $500,000.00 is appropriate because, pursuant to § 5K2.0(a)(1)(A), there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. PURDUE does not oppose the Court ordering the statutory maximum fine of $500,000.00.

The parties agree and stipulate that determining the pecuniary gain or loss would unduly complicate or prolong the sentencing process and, in accordance with U.S.S.G. § 8C2.4(c) and 18 U.S.C. § 3571(d), should not be used for the determination of the fine.

The parties agree that if the Court refuses to accept the Plea Agreement with the agreed-upon sentence, this Plea Agreement will be null and void, and PURDUE will be free to withdraw this guilty plea. In the event the Court refuses to accept the Plea Agreement with the agreed-upon sentence and PURDUE withdraws this guilty plea, nothing in this Plea Agreement shall be deemed a waiver of the provisions of Federal Rule of Evidence ("Fed. R. Evid.") 410 and the United States will move to dismiss the Information without prejudice to the United States' right to indict PURDUE or any other entity or individual on any charge.

The parties have not agreed to any matters concerning the length and terms of probation. Accordingly, the Court may impose whatever length and terms of probation, if any, that it determines is appropriate.

3. **FINANCIAL OBLIGATIONS**

PURDUE agrees and understands that any of the money paid pursuant to this Plea Agreement will be returned if, and only if, the Court refuses to accept the Plea Agreement with the agreed-upon sentence and, as a result, PURDUE withdraws its guilty plea.

For the remaining portions of this "FINANCIAL OBLIGATIONS" section, "PURDUE" means "THE PURDUE FREDERICK COMPANY, INC. or Purdue Pharma L.P.")

   a. **Immediate Payments**

Prior to the entry of PURDUE's guilty plea, PURDUE will make the following disbursements:

   (1)   $3,087,277.60 (three million eighty-seven thousand two hundred seventy-seven dollars and sixty cents) to the Federal and State Medicaid programs for improperly calculated Medicaid rebates for the years 1998 and 1999;

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.*   Page 3 of 12   *Authorized Corporate Officer's Initials:*

Case 1:07-cr-00029-JPJ   Document 6   Filed 05/10/07   Page 3 of 14   Pageid#: 198

(2) $500,000.00 (five hundred thousand dollars) to the Clerk, U.S. District Court, Abingdon, Virginia, as payment of the maximum statutory fine;

(3) $20,000,000.00 (twenty million dollars) will be paid into an account to be held in trust ("Trust Account") solely for the operation of the Virginia Prescription Monitoring Program ("PMP") or its successors. The Trust Account funds should be prudently invested to ensure an adequate return. Money may be drawn from the Trust Account solely for the purpose of funding the PMP (including, but not limited to, operating and maintaining the PMP and providing training and educational programs concerning the use of the PMP.) The maximum amount to be drawn from the account each year shall be the lesser of (a) sufficient funds to fund Virginia's Prescription Monitoring Program or (b) the Yearly Expenditure Cap. The Yearly Expenditure Cap will be $1,000,000.00 (one million dollars) for the first year and will increase by 4% per year. If, prior to December 31, 2057, there is a calendar year during which Virginia does not have a PMP or its rough equivalent, the remaining money in the Trust Account shall be paid to the United States Treasury. The money in the Trust Account may not be used for any purpose other than funding the PMP, prior to December 31, 2057. As of December 31, 2057, if the PMP and its successors no longer exist, the money remaining in the account may be used for any purpose, for the benefit of the Commonwealth of Virginia;

(4) $5,300,000.00 (five million three hundred thousand dollars) to the Virginia Medicaid Fraud Control Unit's Program Income Fund; and

(5) $151,100,000.00 (one hundred fifty-one million one hundred thousand dollars) as directed by the United States Attorney's Office as partial payment of a total forfeiture of $276,100,000.00 (two hundred seventy six million one hundred thousand dollars).

b. **Civil Settlement Payments**

PURDUE will pay a total of $160,000,000.00 (one hundred sixty million dollars) to the United States and the States to settle civil governmental claims, as set forth below:

(1) PURDUE shall pay $100,615,797.25 (one hundred million six hundred fifteen thousand seven hundred ninety-seven dollars and twenty-five cents) to the United States plus interest at the rate of 4.75% per annum ($13,093.84 per day) on $100,615,797.25 from the

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.* Page 4 of 12 *Authorized Corporate Officer's Initials:* PGA

Case 1:07-cr-00029-JPJ Document 6 Filed 05/10/07 Page 4 of 14 Pageid#: 199

date of the plea by The Purdue Frederick Company, Inc. and continuing until and including the day before complete payment is made pursuant to the Civil Settlement Agreement (attached as Attachment D) between the United States and PURDUE; and $59,384,202.75 (fifty-nine million three hundred eighty-four thousand two hundred two dollars and seventy-five cents) to the States as set forth in Section 3(b)(2) below. These payments shall satisfy Purdue's obligation to make restitution under this Plea Agreement;

(2) The $59,384,202.75 paid to the States shall be placed in a dedicated interest bearing account. Each state that elects to participate in this settlement shall, upon execution of the Form State Release (attached as Attachment L) (or an alternative release agreed to by PURDUE and the state), receive its proportionate share as determined by the Medicaid Fraud Control Unit Negotiating Team, plus interest in accordance with the Form State Release, in a timely manner in accordance with the schedule as provided in the Form State Release. Any money remaining in the dedicated interest bearing account after PURDUE has fully paid all of its obligations shall be returned to PURDUE; and

(3) The parties agree and stipulate, pursuant to 18 U.S.C. § 3663(a)(1)(B)(ii), that no other restitution should be ordered.

c. **Subsequent Forfeiture Payments**

On or before the six month anniversary of the entry of its guilty plea, PURDUE will deposit $90,000,000.00 (ninety million dollars) as directed by the United States Attorney's Office as payment toward a total forfeiture of $276,100,000.00 (two hundred seventy six million one hundred thousand dollars).

On or before the twelve month anniversary of the entry of its guilty plea, PURDUE will deposit $35,000,000.00 (thirty-five million dollars) as directed by the United States Attorney's Office as final payment of a total forfeiture of $276,100,000.00 (two hundred seventy six million one hundred thousand dollars).

d. **Compensation and Settlement**

Based on the agreement in principle reached between PURDUE and the United States on October 25, 2006, PURDUE set aside a total of $130,000,000.00 (one hundred thirty million dollars), some or all of which will have been paid by the date of the entry of the guilty plea, for compensation and settlement of private civil liabilities related to OxyContin. Any of the $130,000,000.00 (one hundred thirty million dollars) remaining unpaid two years after the entry of

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.*   Page 5 of 12   *Authorized Corporate Officer's Initials:*

Case 1:07-cr-00029-JPJ   Document 6   Filed 05/10/07   Page 5 of 14   Pageid#: 200

PURDUE's guilty plea will be paid to the United States Treasury. Two years after the entry of PURDUE's guilty plea or at the time the entire $130,000,000.00 has been appropriately expended (if the moneys have been expended in less than two years), PURDUE's attorney shall provide to the Court and the United States Attorney's Office an accounting of the moneys paid and will certify that all payments have been made to resolve PURDUE's private civil liabilities related to OxyContin.

e.  **Forfeiture**

To accomplish the forfeiture, which will be paid as set forth above, PURDUE agrees to the filing of a civil forfeiture complaint, pursuant to 18 U.S.C. § 981(a)(1)(A), in the Western District of Virginia and agrees to forfeit $276,100,000.00 in cash in settlement of the forfeiture complaint ("settlement sum"). PURDUE agrees to sign, concurrent with the signing of this Plea Agreement, a settlement agreement acknowledging that the settlement sum represents proceeds of a violation of 18 U.S.C. § 1957 and/or are forfeitable in lieu of certain property that would be otherwise subject to forfeiture pursuant to 19 U.S.C. § 1613(c). PURDUE agrees to forfeit all interest in these funds and to take whatever steps are necessary to pass clear title of this sum to the United States. These steps include but are not limited to making the sum available to the United States, as directed by the United States. PURDUE agrees not to file a claim in any forfeiture proceeding or to contest, in any manner, the forfeiture of said assets. PURDUE understands and agrees that forfeiture of this property is proportionate to the degree and nature of the offense, and does not raise any of the concerns raised in *United States v. Austin*, 113 S.Ct. 2801 (1993). To the extent that such concerns are raised, PURDUE freely and knowingly waives any and all right it may have to raise a defense of "excessive fines" under the Eighth Amendment to this forfeiture. PURDUE further understands and agrees that this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any monetary penalty that may be imposed by the court.

f.  **Monitoring Costs**

PURDUE agrees to expend not less than $5,012,722.40 (five million twelve thousand seven hundred twenty-two dollars and forty cents) in monitoring costs over the next seventy-two months for the purpose of ensuring that Purdue Pharma L.P. complies with its Corporate Integrity Agreement ("CIA") with the Department of Health and Human Services Office of Inspector General ("OIG") and does not engage in any further criminal activity. On an annual basis, beginning on the first anniversary of PURDUE's guilty plea, PURDUE's attorney shall provide to the United States Attorney's Office an accounting of the moneys paid and will certify that all payments set forth therein have been paid as part of a monitoring program as set forth by the CIA between Purdue Pharma L.P. and the OIG or otherwise to prevent future criminal activity by Purdue Pharma L.P. Any of the $5,012,722.40 (five million twelve thousand seven hundred twenty-two dollars and forty cents) remaining unspent seventy-two months after the entry of PURDUE's guilty plea will be paid to the United States Treasury.

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.*     Page 6 of 12    *Authorized Corporate Officer's Initials:* [initials]

Case 1:07-cr-00029-JPJ    Document 6    Filed 05/10/07    Page 6 of 14    Pageid#: 201

g. **Security**

Prior to pleading guilty, Purdue agrees to provide a lien to the United States against sufficient company assets to secure the $125,000,000.00 in deferred payments.

## 4. MANDATORY ASSESSMENT

PURDUE understands that there is a mandatory assessment of $400.00 per felony count of conviction. PURDUE agrees that it will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" in the amount of $400.00 within seven days of entering its plea of guilty.

## 5. ADDITIONAL OBLIGATIONS

Unless the Court rejects this Plea Agreement and, as a result, PURDUE withdraws its plea, PURDUE agrees to: (1) accept responsibility for its conduct; (2) fully comply with all terms of probation, if probation is imposed; (3) not attempt to withdraw its guilty plea; (4) not deny that it committed the crime to which it has pled guilty; and (5) not make or adopt any arguments or objections to the presentence investigation report that are inconsistent with this Plea Agreement (if a presentence report is ordered by the Court); and (6) comply with its obligations under the Civil Settlement Agreement (attached as Attachment D).

PURDUE consents to public disclosure of all resolution documents related to this case.

Neither PURDUE nor any of its associated entities (as set forth in Attachment A), will, through its present or future directors, officers, employees, agents, or attorneys, make any public statements, including statements or positions in litigation in which any United States department or agency is a party, contradicting any statement of fact set forth in the Agreed Statement of Facts (attached as Attachment B). Should the United States Attorney's Office for the Western District of Virginia notify PURDUE of a public statement by any such person that in whole or in part contradicts a statement of fact contained in the Agreed Statement of Facts, PURDUE may avoid noncompliance with its obligations under this Plea Agreement by publicly repudiating such statement within two business days after such notification. Notwithstanding the above, any PURDUE entity may avail itself of any legal or factual arguments available to it in defending litigation brought by a party other than the United States or in any investigation or proceeding brought by a state entity or by the United States Congress. This paragraph is not intended to apply to any statement made by any individual in the course of any actual or contemplated criminal, regulatory, administrative or civil case initiated by any governmental or private party against such individual.

## 6. ADMISSIBILITY OF STATEMENTS

PURDUE understands that any statements made on its behalf (including, but not limited to, this Plea Agreement and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made, in any setting, may be used against

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.* Page 7 of 12 *Authorized Corporate Officer's Initials:* RSA

Case 1:07-cr-00029-JPJ Document 6 Filed 05/10/07 Page 7 of 14 Pageid#: 202

it in this or any other related criminal proceeding. PURDUE knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence in this or any other related criminal proceeding. With the exception of the situations set forth above, PURDUE does not waive its right to argue against admissibility under any ground permitted under federal or state rules of evidence in any other proceeding.

If the Court rejects the Plea Agreement, and, as a result, PURDUE withdraws its plea, PURDUE will not be bound by the waivers set forth in this section of the Plea Agreement.

### 7. WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT

If the Court accepts this Plea Agreement, PURDUE agrees that PURDUE will not appeal the conviction or sentence imposed. PURDUE is knowingly and voluntarily waiving any right to appeal and is voluntarily willing to rely on the Court in sentencing it, pursuant to the terms of Fed. R. Crim. P. 11(c)(1)(C).

PURDUE agrees not to collaterally attack the judgment and/or sentence imposed in this case and waives its right, if any, to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon it by the Court. PURDUE agrees and understands that if PURDUE, or anyone acting on PURDUE's behalf, files any court document (including but not limited to a notice of appeal) seeking to disturb, in any way, the judgment and/or sentence imposed in its case, the United States will be free to take whatever actions it wishes based on this failure of PURDUE to comply with its obligations under the Plea Agreement.

### 8. REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THE PLEA AGREEMENT OR OVERALL RESOLUTION

PURDUE understands that if: (1) PURDUE attempts to withdraw its plea (in the absence of the Court refusing to accept the Plea Agreement) or fails to comply with any provision of this Plea Agreement, at any time; (2) any defendant in this case does not fulfill the defendant's obligations under the defendant's plea agreement prior to the imposition of judgment; (3) PURDUE's conviction is set aside, for any reason; (4) any entity related to any defendant fails to execute all required paperwork or fails to fulfill its obligations to effectuate the resolution of this entire investigation prior to the imposition of judgment; and/or (5) PURDUE fails to comply with its obligations under the Civil Settlement Agreement (attached as Attachment D) the United States may, at its election, pursue any or all of the following remedies: (a) declare this Plea Agreement void; (b) file, by indictment or information, any charges which were filed and/or could have been filed concerning the matters involved in the instant investigation; (c) refuse to abide by any stipulations and/or recommendations contained in this Plea Agreement; (d) not be bound by any obligation of the United States set forth in this Plea Agreement, including, but not limited to, those obligations set forth in the section of this Plea Agreement entitled "COMPLETION OF PROSECUTION;" and (e) take any other action provided for under this Plea Agreement or by statute, regulation or court rule.

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.* Page 8 of 12 *Authorized Corporate Officer's Initials:* RCA

Case 1:07-cr-00029-JPJ Document 6 Filed 05/10/07 Page 8 of 14 Pageid#: 203

The remedies set forth above are cumulative and not mutually exclusive. If the United States pursues any of its permissible remedies as set forth in this Plea Agreement, PURDUE will still be bound by its obligations under this Plea Agreement. PURDUE hereby waives its right under Fed. R. Crim. P. 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any charges filed pursuant to this section of the Plea Agreement. PURDUE hereby waives any statute of limitations argument as to any such charges.

## 9. INFORMATION ACCESS WAIVER

PURDUE and any related entity knowingly and voluntarily agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## 10. DESTRUCTION OF ITEMS OBTAINED BY LAW ENFORCEMENT

By signing this Plea Agreement, PURDUE and any related entities hereby consent to the destruction of all items obtained by law enforcement agents during the course of the investigation, with the exception of the company's original files. However, PURDUE expressly agrees that, within 30 days of being informed by the United States Attorney's Office that records and/or other items obtained from PURDUE or entities/individuals who were employed by PURDUE or entities/individuals who were agents of PURDUE are available for removal, it will remove, at its cost, all such records and/or other items from the premises designated by the United States Attorney's Office.

## 11. COMPLETION OF PROSECUTION

PURDUE understands that except as provided for in this Plea Agreement and the Non-Prosecution Agreement (attached as Attachment C), so long as PURDUE complies with all of its obligations under the Plea Agreement, and all entities set forth in the Non-Prosecution Agreement comply with their obligations therein, there will be no further criminal prosecution or forfeiture action by the United States for any violations of law, occurring before May 10, 2007, pertaining to OxyContin that was the subject matter of the investigation by the United States Attorney's Office for the Western District of Virginia and the United States Department of Justice Office of Consumer Litigation that led to this agreement, against the following, or any property owned by any of the following: PURDUE, its current and former directors, officers, employees, co-promoters, owners (including trustees and trust beneficiaries of such owners), successors and assigns; any of PURDUE'S related and associated entities (as listed on Attachment A); and such related and associated entities' current and former directors, officers, employees, owners (including trustees and trust beneficiaries of such owners), successors and assigns, and trusts for the benefit of the families of the current and former directors of PURDUE, including the trustees and trust beneficiaries of such trusts.

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.*    Page 9 of 12    *Authorized Corporate Officer's Initials:*

Case 1:07-cr-00029-JPJ    Document 6    Filed 05/10/07    Page 9 of 14    Pageid#: 204

Nothing in this Plea Agreement affects the administrative, civil, criminal, or other tax liability of any entity or individual and this Plea Agreement does not bind the Internal Revenue Service of the Department of Treasury, the Tax Division of the United States Department of Justice, or any other government agency with respect to the resolution of any tax issue.

PURDUE understands that nothing in this Plea Agreement precludes any private party from pursuing any civil remedy against PURDUE, and PURDUE agrees that it will not raise this Plea Agreement or its guilty plea as a defense to any such civil action.

## 12. LIMITATION OF AGREEMENT

This Plea Agreement is limited to the United States of America and does not bind any state or local authorities.

## 13. EFFECTIVE REPRESENTATION

PURDUE has discussed the terms of the foregoing Plea Agreement and all matters pertaining to the charges against it with its attorney and is fully satisfied with its attorney and its attorney's advice. At this time, PURDUE has no dissatisfaction or complaint with its attorney's representation. PURDUE agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint PURDUE may have with its attorney's representation.

## 14. EFFECT OF PURDUE'S SIGNATURE

PURDUE understands that its Authorized Corporate Officer's signature on this Plea Agreement constitutes a binding offer by it to enter into this Plea Agreement. PURDUE understands that the United States has not accepted PURDUE's offer until the authorized representative of the United States has signed the Plea Agreement.

## 15. GENERAL UNDERSTANDINGS

The parties jointly submit that this Plea Agreement and the Agreed Statement of Facts provide sufficient information concerning PURDUE and the crimes charged in this case to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The parties agree to request that the Court impose sentence at the date of the arraignment and plea pursuant to the provisions of Fed. Rule Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2), if the Court determines that a presentence report is not necessary.

If the Court orders a presentence report, PURDUE understands that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer.

PURDUE understands that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case.

PURDUE understands that the United States retains the right, notwithstanding any provision in this Plea Agreement, to inform the Probation Office and the Court of all relevant facts, to address

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.*  Page 10 of 12  *Authorized Corporate Officer's Initials:* PGA

Case 1:07-cr-00029-JPJ  Document 6  Filed 05/10/07  Page 10 of 14  Pageid#: 205

the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, if a report is prepared, and to respond to any statements made to the Court by or on behalf of the defendant.

PURDUE willingly stipulates that there is a sufficient factual basis for the Court to accept the plea.

PURDUE understands that this Plea Agreement does not apply to any crimes or charges not addressed in this Plea Agreement.

PURDUE has not been coerced, threatened, or promised anything other than the terms of this Plea Agreement, described above, in exchange for its plea of guilty. PURDUE understands that its attorney will be free to argue any mitigating factors on its behalf; to the extent they are not inconsistent with the terms of this Plea Agreement. PURDUE understands that PURDUE will have an opportunity to have a representative address the Court prior to sentence being imposed.

This writing and the Agreed Statement of Facts (attached as Attachment B), Non-Prosecution Agreement (attached as Attachment C), Civil Settlement Agreement (attached as Attachment D), Corporate Integrity Agreement (attached as Attachment E), Stipulation for Compromise Settlement (attached as Attachment G), and Agreed Order of Forfeiture (attached as Attachment H) are the complete and only agreements between the United States and PURDUE, Purdue Pharma L.P. and its related and associated entities concerning resolution of this matter. Also attached to this agreement are the Virginia Release (attached as Attachment L) and the Form State Release (attached as Attachment M). In addition, PURDUE has no objection to the filing of the Information (Attachment F), Verified Complaint for Forfeiture *In Rem* (attached as Attachment I), and the Notice of Compliance (attached as Attachment J) and the Court's entry of a Warrant of Arrest *In Rem* (attached as Attachment K). The agreements and documents listed in this paragraph set forth the entire understanding between the parties and constitutes the complete agreement between the United States Attorney for the Western District of Virginia and PURDUE, Purdue Pharma L.P. and its related and associated entities and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. These agreements supersede all prior understandings, promises, agreements, or conditions, if any, between the United States and PURDUE, Purdue Pharma L.P. and its related and associated entities.

PURDUE has consulted with its attorney and fully understands its rights with respect to the offenses charged in the charging document(s). Further, PURDUE has consulted with its attorney and fully understands its rights. PURDUE has read this Plea Agreement and carefully reviewed every part of it with its attorney. PURDUE understands this Plea Agreement and PURDUE voluntarily agrees to it. Being aware of all of the possible consequences of its plea, PURDUE has independently decided to enter this plea of its own free will and is affirming that agreement on this date by the signature of its Authorized Corporate Officer below.

The Authorized Corporate Officer, by her signature below, hereby certifies to the following:
(1) She has read the entire Plea Agreement and documents referenced herein and discussed them with PURDUE's owners;
(2) PURDUE understands all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations;
(3) PURDUE is fully satisfied with PURDUE's attorneys' representation during all phases of this case;

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.* Page 11 of 12 *Authorized Corporate Officer's Initials:* REA

Case 1:07-cr-00029-JPJ Document 6 Filed 05/10/07 Page 11 of 14 Pageid#: 206

(4) PURDUE is freely and voluntarily pleading guilty in this case;.
(5) PURDUE is pleading guilty as set forth in this Plea Agreement because it is guilty of the crimes to which it is entering its plea; and
(6) PURDUE understands that it is waiving its right to appeal the judgment and conviction in this case.

PURDUE acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Authorized Corporate Officer. A copy of a certification by PURDUE's Board of Directors authorizing the Authorized Corporate Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of PURDUE is attached.

Date: May 7, 2007

Robin E. Abrams, Esquire
Vice-President and Director of
The Purdue Frederick Company, Inc. and
Vice-President and Associate General Counsel
of Purdue Pharma L.P.
Authorized Corporate Officer for
The Purdue Frederick Company, Inc.

I have discussed with and fully explained to the Board of Directors of PURDUE the facts and circumstances of the case; all rights with respect to the offense charged in the Information; possible defenses to the offense charged in the Information; all rights with respect to the Sentencing Guidelines; and all of the consequences of entering into this Plea Agreement and entering a guilty plea. I have reviewed the entire Plea Agreement and documents referenced herein with my client, through its Authorized Corporate Officer. In my judgment, PURDUE understands the terms and conditions of the Plea Agreement, and I believe PURDUE's decision to enter into the Plea Agreement is knowing and voluntary. PURDUE's execution of and entry into the Plea Agreement is done with my consent.

Date: May 8, 2007

Howard M. Shapiro, Esquire
Counsel for The Purdue Frederick Company, Inc.

Date: May 9, 2007

John L. Brownlee
United States Attorney
Western District of Virginia

Rick A. Mountcastle, Assistant United States Attorney
Randy Ramseyer, Assistant United States Attorney
Sharon Burnham, Assistant United States Attorney
Barbara T. Wells, Trial Attorney, U.S. Dept. Of Justice
Elizabeth Stein, Trial Attorney, U.S. Dept. Of Justice

*Plea Agreement*
*United States v. The Purdue Frederick Company, Inc.* Page 12 of 12 *Authorized Corporate Officer's Initials:* REA

Case 1:07-cr-00029-JPJ Document 6 Filed 05/10/07 Page 12 of 14 Pageid#: 207

## THE PURDUE FREDERICK COMPANY INC.

### Vice President's Certificate

The undersigned, Robin E. Abrams, the Vice President of The Purdue Frederick Company Inc., a New York corporation (the "Corporation"), DOES HEREBY CERTIFY that attached hereto as Schedule 1 is a true, correct and complete copy of the resolutions approved by the Written Consent of the Sole Director of the Corporation dated May 4, 2007 authorizing the Corporation to execute and deliver on behalf of the Corporation that certain Plea Agreement between the United States of America and the Corporation, together with other documents listed therein with respect to settling that certain investigation by the United States Attorney's Office for the Western District of Virginia, which resolutions have not been amended or rescinded as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this Certificate this May 4, 2007.

*Robin E. Abrams*
Robin E. Abrams
Vice President

RESOLVED, that the Agreed Statement of Facts between the United States of America and the Corporation (the "Agreed Statement of Facts") in the form presented to the Director of the Corporation be and the same hereby is approved; and further

RESOLVED, that the Settlement Agreement among the United States of America, acting through the Civil Division of the Department of Justice and the United States Attorney's Office for the Western District of Virginia, the Office of the Inspector General of the United States Department of Health and Human Services, the United States Office of Personnel Management, the United States Department of Defense TRICARE Management Activity, the United States Department of Labor Office of Workers' Compensation Programs, the Corporation and Purdue Pharma L.P., a Delaware limited partnership (the "Civil Settlement Agreement"), in the form presented to the Director of the Corporation be and the same hereby is approved; and further

RESOLVED, that the Plea Agreement between the United States of America and the Corporation (the "Plea Agreement") in the form presented to the Director of the Corporation be and the same hereby is approved; and further

RESOLVED, that the Stipulation for Compromise Settlement between the United States of America and the Corporation (the "Stipulation for Compromise Settlement") in the form presented to the Director of the Corporation be and the same hereby is approved; and further

RESOLVED, that the Agreed Order of Forfeiture between the United States of America and the Corporation (the "Agreed Order of Forfeiture"; the Agreed Statement of Facts, the Civil Settlement Agreement, the Plea Agreement, the Stipulation for Compromise Settlement, and the Agreed Order of Forfeiture are hereinafter collectively referred to as the "Settlement Documents"), in the form presented to the Director of the Corporation be and the same hereby is approved; and further

RESOLVED, that Robin E. Abrams as the Vice President of the Corporation, be and she hereby is authorized and directed to execute and deliver in the name and on behalf of the Corporation the Settlement Documents, each in the form or substantially in the form presented to the Director of the Corporation, with such changes, additions and modifications thereto as she shall approve, such approval to be conclusively evidenced by her execution and delivery thereof; and further

RESOLVED, that Robin E. Abrams as the Vice President of the Corporation, be and she hereby is authorized and directed to make, execute and deliver, or cause to be made, executed and delivered, all such agreements, documents, instruments and other papers, and to do or cause to be done on behalf of the Corporation all such acts, as she may deem necessary or appropriate to carry out the purposes and intent of the foregoing resolutions, including, but not limited to, appearing on behalf of the Corporation in the United States District Court for the Western district of Virginia, Abingdon Division, in order to make any statement or statements on behalf of the Corporation she deems appropriate in connection with the judgment to be pronounced against the Corporation in accordance with the Settlement Documents.